UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23072-BLOOM/Torres

SCHLANGEL,

    Plaintiff,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE CO.,

    Defendant.

_____/

### ORDER ON MOTION TO DISMISS COUNT II AND COUNT III OF PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Allstate Fire and Casualty Insurance Company's ("Defendant's") Motion to Dismiss Count II and Count III of Plaintiff's Complaint, ECF No. [4-8]. Plaintiff did not file a response. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.  BACKGROUND**

Plaintiff Mark Schlangel ("Plaintiff") initiated this action by filing his Complaint for Damages ("Complaint") against Defendant in the Circuit Court in and for Miami-Dade County, Florida on March 21, 2023, Case No. 2023-008508-CA-01. ECF [4-2]. In the Complaint, Plaintiff alleges that on October 26, 2021, he was driving in Miami-Dade County when his car was struck by another driver, resulting in serious injuries. *Id*. ¶¶ 12-13. The other driver was insured but had insufficient coverage for bodily injuries. *Id*. ¶ 18 Plaintiff alleges that at all relevant times, he was covered by Defendant under an insurance policy which included an underinsured/uninsured

motorist coverage that would cover the subject motor vehicle collision and Plaintiff. *Id*. ¶ 23. Plaintiff alleges that the Defendant has refused to pay the appropriate benefits in accordance with his policy and he thereafter initiated this action. *Id*. ¶¶ 24-25. Plaintiff's Complaint consists of three Counts: Count I - Underinsured/Uninsured Motorist Claim; Count II - Declaratory Relief/Judgment; and Count III - Statutory Bad Faith Pursuant to Fla. Stat. § 624.155. *Id*.

Defendant filed its Motion in state court, seeking dismissal of Counts II and III on August 3, 2023. ECF No. [4-8]. Thereafter, on August 14, 2023, Defendant filed its Notice of Removal pursuant to 28 U.S.C. § 1446(a) in the United States District Court for the Southern District of Florida, within which the action was brought, ECF No. [1]. On November 6, 2023, the case was reassigned to the undersigned. ECF No. [18].

## II.  LEGAL STANDARD

### a.  Motion to Dismiss

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

## III.  DISCUSSION

As Defendant's Motion proceeds with an analysis of Count III before Count II, the Court begins with Count III.

### a.  Count III: Plaintiff's bad faith claim pursuant to Fla. Stat. § 624.155

Plaintiff alleges that he filed a Civil Remedy Notice of Insurer Violations ("CRN") and served a copy on Defendant. ECF No. [4-2] ¶ 31. Plaintiff alleges that pursuant to Fla. Stat. § 624.155, Defendant breached its duty to exercise good faith in the investigation and resolution of Plaintiff's claim. *See Id. generally*. Furthermore, Plaintiff alleges that Defendant failed to cure its breach more than sixty (60) days after being served with the CRN. *Id*. ¶35. Plaintiff alleges the following breaches by Defendant: failure to attempt in good faith to settle Plaintiff's claim; failure to properly train adjusters and claims personnel; engagement in unfair settlement practices in violation of Fla. Stat. §626.9541(1)(i)(3)(a),(c),(d),(e),(g), and (h); failure to act and communicate promptly as to Plaintiff's motorist claims; denial of his claim without a reasonable investigation; failure to provide a written explanation for the lack of a settlement offer; and failure to advise Plaintiff of additional information needed to process the claim. *Id*. at 6-7. Plaintiff alleges Defendant's breaches resulted in damages, and demands judgment against Defendant for the total damages, and for pre- and post-judgment interest and attorney's fees pursuant to Fla. Stat. §624.155, §627.727(9)[1], and § 627.428. *Id*. ¶¶ 39-40.

In its Motion, Defendant argues that it timely responded to Plaintiff's CRN, but simply declined to pay the relevant underinsured/uninsured policy limits. ECF No. [4-8] at 2. Defendant's primary argument is that the bad faith claim is premature. Florida law is explicit "that before a [p]laintiff can proceed against an insurer for first party bad faith failure to settle, a [p]laintiff must

---

[1] Plaintiff's Complaint was filed on March 21, 2023. On Mach 24, 2023, Fla. Stat. §627.727(10) was amended such that the relevant law is now § 627.727(9). While both parties cite to § 627.727(10), the Court will cite to §627.727(9) as amended.

Fla. Stat. § 627.727(9) as of March 24, 2023: The damages recoverable from an uninsured motorist carrier in an action brought under § 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant's damages is recoverable whether caused by an insurer or by a third-party tortfeasor.

first obtain a judgment in excess of the policy limits against the insurer or its insured." *Id*. Here, because Plaintiff does not have a judgment in the underlying suit, any and all bad faith allegations are premature. *Id*. The cause of action has not yet come into being. *Id*. For this reason, Defendant contends that Count III should be dismissed without prejudice. *Id*.

Defendant cites *Blanchard v. State Farm Mut. Ins. Co.*, 575 So.2d 1289 (Fla. 1991) which held that "an insured's claim against an uninsured motorist carrier, under § 624.155(1)(b)(1), for failing to settle the underinsured motorist claim in good faith [can only accrue upon] conclusion of the underlying litigation for the contracted uninsured motorist insurance benefits." *Id*. at 1291. Defendant points out that a judgment in favor of Plaintiff must satisfy two elements: (1) determination of the liability of the underinsured/uninsured tortfeasor; and (2) determination on the extent of the damages. *Vest v. Travelers Ins. Co.*, 753 So.2d 1270, 1275-76 (Fla. 2000) ("We continue to hold in accord with *Blanchard* that bringing a cause of action in court for violation of section 624.155(1)(b)(1) is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract"); *see also Geico Gen. Ins. Co. v. Paton*, 150 So.3d 804, 806 (Fla. 4th DCA 2014) ("In the context of a first-party bad faith action, the underlying action between the insured and the insurer establishes two elements that must exist for the bad faith cause of action to accrue — the liability of the uninsured tortfeasor and the extent of the plaintiff's damages in the underlying accident").

Defendant is correct that United States District Court opinions in the Southern, Middle, and Northern Districts of Florida have concluded the same. *See Lewis v. Allied World Specialty Ins. Co.*, No. 20-cv-20677, 2023 WL 2770538, at *3 (S.D. Fla. Apr. 3, 2023) (quoting *Blanchard*, 575 So.2d at 1291 "Florida law is clear that, in the context of a first-party insurance claim, '[a]n insured's underlying first-party action for insurance benefits against the insurer necessarily must

be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.'") *See also Gluck v. Geico Gen. Ins. Co.*, No. 19-cv-634-T-27AEP, 2019 WL 2646222, at *1 (M.D. Fla. June 27, 2019); *Walker v. Progressive Select Ins. Co.*, No 19-cv-182-AW-GRJ, 2020 WL 5752170, at *4 (N.D. Fla. Aug. 25, 2020).

Finally, Defendant argues that the claims based upon statutes Fla. Stat. §624.155, and §627.727(9) also fail as both would require a legal determination of Defendant's liability as to Plaintiff's damages. ECF No. [4-8] at 3. The Court concludes that Count III must be dismissed without prejudice.

### b.  Count II: Plaintiff's Claim for Declaratory Judgment

Plaintiff seeks a declaration "of the rights and obligations under the insurance contract at issue, the apportionment of liability, if any, and Plaintiff's total damages" pursuant to Fla. Stat. § 86.011 – 86.111 et seq. (2012) ECF No. [4-2] ¶ 26. Additionally, Plaintiff contends that he "requires a jury determination to ascertain if his damages exceed the [policy] limits as a condition precedent to bring a cause of action for bad faith claims handling" against Defendant pursuant to Florida Statute § 624.155(1)(b). *Id*. ¶ 28. Finally, Plaintiff also seeks pre- and post-judgment interest and attorney's fees pursuant to Fla. Stat. § 624.155 and § 627.727(9). *Id*. at 6. Plaintiff asserts that he has an actual, present, practical need for the declaration he seeks. *Id*.

In its Motion, Defendant argues that dismissal of Count II is warranted because a determination based upon § 624.155 requires a finding of bad faith, which Defendant argues Plaintiff fails to make. Defendant also argues that Plaintiff's claim for damages pursuant to § 627.727(9) should also be dismissed because such claim is for damages recoverable under § 624.155. ECF No. [4-8] at 4; *see* Fla. Stat. §§624.155; 627.727(9). As Count II is "a mis-labeled

Case No. 23-cv-23072-BLOOM/Torres

claim for bad faith," Defendant contends that the same authorities it cited for Count III apply to Count II. ECF [4-8] at 4.

The Court agrees with the Defendant. There has not been a legal determination as to liability for damages. The holding in *Blanchard* was before the Supreme Court of Florida based upon a question of Florida law certified by the United States Court of Appeals for the Eleventh Circuit. *Id*. 575 So.2d 1289. Plaintiff must obtain both an adjudication of liability for the underinsured/uninsured motorist who allegedly caused the collision and a determination on the extent of the damages to proceed. *Id*. at 1291. Even construing the facts in a light most favorable to Plaintiff as the non-moving party, Plaintiff has not alleged any factual allegations that there has been a determination as to the damages in his Complaint and failed to provide any response to the Motion.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [4-8]** is **GRANTED**.

2. Count II and Count III of the Complaint are **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff's claim under Count I shall proceed against Defendant.

4. Defendant shall file an Answer to Count I of the Complaint **by January 2, 2024.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record